J-S13023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTHONY JAMES KING | : | |
| | : | |
| Appellant | : | No. 1434 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 5, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002733-2023

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER BY KUNSELMAN, J.:               **FILED: MAY 21, 2025**

Anthony James King appeals from the judgment of sentence imposing 24 months of intermediate punishment (with twelve months of house arrest) and various fines after a jury convicted King of driving under the influence ("DUI")[1].  We dismiss his appellate issue as waived and affirm.

On June 25, 2023, at approximately 2:45 a.m., King drove his vehicle through Luzerne County.  He "failed to stop at a stop sign and a red traffic signal."  Trial Court's Opinion, 11/27/24, at 1.  Patrol officers stopped King's vehicle and arrested him for DUI.  They transported King to the police station and read him PennDOT's DL-26 Form.  King refused to take a breath test.

At trial, counsel for King attempted to cross-examine one of the officers regarding the language of the DL-26.  He asked, "You read to Mr. King that

---

[1] **See** 75 Pa.C.S.A. § 3802.  The trial court convicted King of three summary offenses that are not at issue in this appeal.

the minimum punishment was 72 consecutive hours in jail, correct?" N.T., 4/23/24, at 59. The officer responded in the affirmative, even though the form was not correct as applied to King, because this DUI was his second offense. Thus, defense counsel next asked the officer, "And that's not correct; is it?" *Id.* The trial court then *sua sponte* stopped the cross-examination and initiated a conference with the attorneys at sidebar.

At sidebar, the court asked defense counsel, "Where are you going with this." *Id.*

Counsel replied, "I was going to ask you to take judicial notice of the fact that it's a 90-day punishment – minimum punishment," due to this being King's second DUI. *Id.* As the Commonwealth objected, defense counsel said that it was his strategy to inform the jury that King had a prior DUI conviction.

The court said, "I am not allowing you to do that. I am not telling this jury that your client has a prior DUI. I think that's a terrible decision on your part, and I'm not going to play into a [Post-Conviction Relief Act claim] in this case." *Id.* at 60.

Defense counsel replied, "Okay." *Id.* The Commonwealth and the court both observed that the officer reading the DL-26 Form would have no way of knowing how many prior convictions King had at the time of the arrest. King's counsel then said, "Judge, I would just refer you to two cases [from] the Second Circuit, *Pugliese* case, *United States versus* . . . and *Shannon versus United States*." *Id.* at 60-61. Counsel gave no citations for the cases, nor did he make any mention of the Fourteenth Amendment, the Due

Process Clause, or the federal constitution.[2] He made no constitutional argument regarding the right of a defendant to present a full defense as guaranteed under the Due Process Clause or the Fourteenth Amendment.

The trial court ruled that **Pugliese** and **Shannon** were inapplicable to the present case and said, "I'm not going to allow you to divulge to this jury that your client has a prior DUI arrest." *Id.* at 61. Defense counsel assented to the decision and moved on with the cross-examination.

The jury convicted King, and the trial court sentenced him as described above. This timely appeal followed.

King raises one appellate issue: "Whether the [trial] court erred as a matter of law in denying [King] the opportunity to elicit and present evidence that [his] decision to refuse the breath test was not knowingly and intelligently made consistent with [King's] due process protections in accordance with the Fourteenth Amendment . . .?" King's Brief at 3.

King contends, for the first time on appeal, that the trial court violated his Fourteenth Amendment right to due process "to present a defense to the refusal enhanced punishment." *Id.* at 10. This argument is waived.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." **Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020). "As a general matter, it is axiomatic that issues not raised in lower courts are

---

[2] Also, King did not cite either of those cases in his appellate brief.

waived for purposes of appellate review, and they cannot be raised for the first time on appeal. Pa.R.A.P. 302(a)." ***Id.*** "This is because, as our Court has oft reminded, issue preservation is foundational to proper appellate review."

Here, King made no Fourteenth Amendment or due process argument during the sidebar concerning whether he could question the officer concerning the correctness of the DL-26 Form, as applied to him. Hence, he has failed to preserve this constitutional claim of error for appellate review.

Issue dismissed as waived.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2025

- 4 -